IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID DON GOODIN,

    Defendant.

Case No. 4:20-CR-00181-GKF-1

## OPINION AND ORDER

Pending before the court is the Motion to Dismiss Count Six [Doc. 59] filed by defendant David Don Goodin. Goodin moves to dismiss Count 6 of the Superseding Indictment [Doc. 43] "because Goodin never attended a hearing as required by 18 U.S.C. § 922(g)(8)(A)," [Doc. 59, p. 1]. The government requests that the court deny the motion. [Doc. 62]. "[C]ourts may entertain motions [to dismiss] that require it to answer only pure questions of law" and/or "that require resort to facts outside the indictment and bearing on the general issue" where: (1) "the operative facts are undisputed"; (2) "the government fails to object to the district court's consideration of those undisputed facts"; and (3) "the district court can determine from them that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (citations and quotations omitted).

18 U.S.C. § 922(g) makes it unlawful for any person "who is subject to a court order" to possess a firearm. 18 U.S.C. § 922(g)(8). A "court order" is one that:

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

*Id.* Goodin takes aim at § 922(g)(8)(A) by contending that a defendant must have *attended* a hearing to satisfy its requirements. Goodin argues that he never attended a hearing and, therefore, Count Six must be dismissed.

However, 18 U.S.C. § 922(8)(A) does not require that a defendant participate in a hearing. It instead requires that the court order be issued after: (1) a hearing; (2) "of which such person *received actual notice*"; and (3) "at which such person *had an opportunity to participate*." *Id.* (emphases added). According to the documents from the District Court of Creek County, Oklahoma, two hearings were scheduled for October 18, 2019 (continued until October 23, 2019) and April 17, 2020 before Judge Douglas Golden. [Doc. 62-2, p. 1; Doc. 62-3, p. 3; Doc. 62-4, p. 1]; *see* Black's Law Dictionary 721 (6th ed.1990) (defining "hearing" as "[a] proceeding of relative formality (though generally less formal than a trial), generally public, with definite issues of fact or law to be tried, in which witnesses are heard and evidence presented"). Thus, the issue is whether Goodin had actual notice and an opportunity to participate in the hearings, rather than whether Goodin participated in the hearings.

Goodin had notice of both hearings from the Emergency Order of Protection [Doc. 62-2, p. 1] and Continued Emergency Order of Protection [Doc. 62-4, p. 1] filed in the District Court of Creek County, Oklahoma. Goodin was even represented by counsel who entered an appearance in the case on October 15, 2019. [Doc. 62-3, p. 3]. Goodin then had the opportunity to take part in the hearings, but instead decided to agree to a Continued Emergency Order of Protection before the October hearing, and again before the April hearing. [Doc. 62-3, pp. 3–4]. As such, 18 U.S.C. § 922(g)(8)(A) is satisfied here. Indeed, to hold otherwise would create an absurd incentive; "a

defendant with all the protections that the statute contemplates could simply consent to an agreed order to escape a later federal prosecution." *United States v. Banks*, 339 F.3d 267, 272 (5th Cir. 2003). Therefore, the motion is denied. *See id.* at 271 ("Banks effectively asks us to hold that an agreed order can never be the basis for an 18 U.S.C. § 922(g)(8) prosecution. That we will not do."); *cf. United States v. Spruill*, 292 F.3d 207, 220 n.15 (5th Cir. 2002) (holding that 18 U.S.C. § 922(g)(8) was not satisfied because "no hearing was set, given notice of, or held, there was no appearance before the judge, and the order was explained to the illiterate Spruill by the protected party's attorney").

WHEREFORE, the Motion to Dismiss Count Six [Doc. 59] filed by defendant David Don Goodin is denied.

IT IS SO ORDERED this 28th day of January, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE