IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRADLEY DON GOODIN,

    Defendant.

Case No. 20-CR-181-GKF

## OPINION AND ORDER

Before the court are two motions: the plaintiff's Motion for the Court to Take Judicial Notice Regarding Indian Status of Victims and Location of the Crimes [Doc. 66] and the plaintiff's Motion in Limine Regarding Blood Quantum Evidence Regarding K.L.N. and K.R.N [Doc. 82]. For the reasons set forth below, the motions are granted.

**I. Judicial Notice [Doc. 66]**

The plaintiff asks the court "to take judicial notice of defendant, Bradley Don Goodin's, prior admission[s] that two of his victims, K.R.N. and K.L.N., are Indians and that the crimes were committed in Indian Country."[1] The defendant objects, arguing there is evidence disputing K.L.N.'s status as an Indian.

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b)(2). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

---

[1] Prior to the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the defendant was charged in state court for the conduct that forms the basis of Counts One through Four in the Superseding Indictment. [*See* Docs. 66-1, 66-2].

F.R.E. 201(c)(2). In a criminal case, "the court must instruct the jury that it may or may not accept the noticed fact as conclusive." F.R.E. 201(f). In requiring this instruction, Congress "'intended to preserve the jury's traditional prerogative to ignore even uncontroverted facts in reaching a verdict' and to prevent a court from 'effectively permitting a partial directed verdict as to facts in a criminal case.'" *United States v. Iverson*, 818 F.3d 1015, 1029 (10th Cir. 2016) (O'Brien, J., concurring) (quoting *United States v. Jones*, 580 F.2d 219, 224 (6th Cir. 1978)).

A. *Location of the Crime*

"Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial." *United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980). In his motion to dismiss in state court, Goodin stated "[t]he alleged crimes," now charged here, "were committed within the boundaries of a now-recognized Indian reservation." [Doc. 66-3, p. 1, ¶ 2]. There is no dispute regarding that admission. The court will judicially notice defendant's statement that the alleged crimes occurred in Indian Country.

B. *Indian Status of K.L.N. and K.R.N.*

The Tenth Circuit applies a two-part test for determining whether a person is an Indian: (1) the person must possess "some Indian blood" and (2) the person must be "recognized as an Indian by a tribe or by the federal government." *United States v. Prentiss*, 273 F.3d 1277, 1280 (10th Cir. 2001). Examples of evidence demonstrating that a person has "some Indian blood" include certificates of tribal enrollment setting forth the degree of a person's Indian blood and proof of tribal enrollment where possession of a certain amount of Indian blood is a requirement of enrollment. *See id.* at 1282-83 (collecting cases).

The defendant conceded in the prior state court action that "[t]he complaining witnesses are members of a federally recognized Indian Tribe—Cherokee." [Doc. 66-3, p. 1, ¶ 3]. While

this statement does not speak to the "some Indian blood" requirement, the defendant also averred that "[t]he only court with jurisdiction to pursue these criminal matters against Goodin would be a tribal and/or Federal court." [*Id.* at p. 2, ¶ 5]. For that to be the case, the victims must be recognized as Indians by the Cherokee Nation *and* possess "some Indian blood." *See Prentiss*, 273 F.3d at 1280. Further, the plaintiff presents evidence to the court that K.L.N. and K.R.N. possess "some Indian blood" and are recognized members of the Cherokee Nation. This evidence includes Bureau of Indian Affairs Certificates of Degree of Indian Blood reflecting K.L.N. and K.R.N.'s blood quantum and letters from the Cherokee Nation confirming K.L.N. and K.R.N. are registered members of the Cherokee Nation. [Docs. 82-1, 82-2]. The plaintiff has therefore supplied the court with the necessary information to take judicial notice that K.L.N. and K.R.N. are Indians. These facts are not subject to reasonable dispute because they can be accurately and readily determined from the aforementioned sources whose accuracy cannot reasonably be questioned. *See* F.R.E. 201(b)(2).

In his objection, the defendant argues that K.L.N.'s "supposed" biological father, Darin Narboe, who is a Cherokee Indian, has recently made statements to the F.B.I. which call K.L.N.'s paternity into question. As a result, defendant argues, K.L.N.'s status as an Indian ought not be judicially noticed. However, as the defendant acknowledges, Narboe consented to paternity of K.L.N. in 2014 in a state court paternity proceeding. [*See* Doc. 72, p. 2]; *see also Bethanie Anne Allen v. Darin Wayne Narboe*, Case No. FP-2012-5, "Order Determining Parentage and Child Support Obligation" (Okmulgee County District Court Sept. 25, 2014). Narboe's statements made to the FBI in December of 2020 are insufficient to reasonably question the accuracy of Narboe's prior admission in the state court paternity proceeding and the BIA and Cherokee Nation

documentation establishing that K.L.N. and K.R.N.'s are members of the Cherokee Nation for the purpose of establishing federal jurisdiction over the alleged crimes in Indian Country.

Accordingly, the court judicially notices the defendant's concession that K.L.N. and K.R.N. are members of the Cherokee Nation. *See United States v. Nowlin*, 555 F. App'x 820, 824-25 (10th Cir. 2014) (unpublished) (affirming district court's decision to present the jury with a judicially noticed statement wherein the defendant conceded his Indian status). Consistent with the Federal Rules of Evidence, the court will instruct the jury that "it may not accept the noticed fact as conclusive." F.R.E. 201(f).

**II.  Motion in Limine [Doc. 82]**

In the second motion before the court, the plaintiff asks the court to exclude evidence as to K.L.N. and K.R.N.'s parentage. The plaintiff cites Federal Rule of Evidence 403 and argues that "[t]o allow Goodin to now collaterally attack the victims' paternity and Indian status, would allow him to manipulate the system and would effectively transform this federal criminal trial into a state court paternity suit that would serve to confuse the jury and obscure the merits of the trial." [Doc. 82, p. 1].

Federal Rule of Evidence 403 provides "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, the defendant wishes to introduce statements made by K.L.N. and K.R.N.'s father, Darin Narboe, which may cast doubt on K.L.N.'s parentage. Specifically, the defendant points to Narboe's purported statements that the alleged victims' mother had a relationship with another man prior to K.L.N.'s birth and that the mother told Narboe that he was not K.L.N.'s biological

4

father. [Doc. 72, pp. 1-2]. While evidence of K.L.N.'s parentage is relevant to K.L.N.'s Indian status—as explained above, the plaintiff must prove K.L.N has "some Indian blood"—the particular evidence the defendant seeks to introduce is riddled with speculation and hearsay. As a result, the probative value of Narboe's statements is significantly outweighed by the danger that admitting the statements would confuse the issues in this case: the alleged victims' Indian statuses are at issue, their mother's sexual history is not. Plaintiff's motion is granted with respect to Narboe's statements as described in defendant's Response and Objection at Doc. 72.

WHEREFORE, the plaintiff's Motion for the Court to Take Judicial Notice Regarding Indian Status of Victims and Location of the Crimes [Doc. 66] and the plaintiff's Motion in Limine Regarding Blood Quantum Evidence Regarding K.L.N. and K.R.N [Doc. 82] are granted.

IT IS SO ORDERED this 24th day of March, 2021.

*[signature]*
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE